IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ANGELA MINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| PASSPORT HEALTH ) | |
| COMMUNICATIONS, INC. ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Angela Mink, by and through counsel, files this Complaint against Defendant Passport Health Communications, Inc. showing the Court as follows:

## NATURE OF THE ACTION

This is a disturbing case of retaliation by Passport Health Communications, Inc. The Plaintiff in this case is Angela Mink, a former employee of Passport Health Communications, Inc. Ms. Mink was subjected to a sexually hostile work environment while employed by Passport Health Communications, Inc. Among other things, Ms. Mink's supervisor told Ms. Mink that she should "be on the other team," "switch sides," and that Mink could be a "lipstick lesbian." Ms. Mink participated in Passport Health Communication, Inc's internal investigation of her supervisor that ultimately led to Ms. Mink's supervisor transferring positions with the company. A few years later, the same supervisor returned to supervising Ms. Mink and retaliated against and ultimately fired Ms. Mink for participating in the investigation. Ms. Mink brings this Complaint to request the compensation she is owed for this blatant retaliation.

1

## THE PARTIES

1. Angela Mink ("Mink") is a resident of Nashville, Tennessee residing at 510 Basswood Drive, Unit 14.

2. Passport Health Communications, Inc. ("Passport") is a corporation with its principal place of business located at 720 Cool Springs Boulevard, Suite 200, Franklin, Tennessee 37067. Passport's registered agent for service of process is Corporation Service Company located at 2908 Poston Avenue, Nashville, Tennessee 37203.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

4. Venue is proper with this District and this Division pursuant to 28 § U.S.C 1391 as the unlawful employment practices were committed in Williamson County, Tennessee.

## FACTUAL ALLEGATIONS

5. On or about February 9, 2004, Mink was hired by Passport as a National Trainer.

6. In approximately March, 2005, Ms. Tracy Shaw ("Shaw") was promoted to Director, Sales Implementation, where as part of her job responsibility she supervised trainers, including Mink.

7. While Mink's supervisor, Shaw regularly made inappropriate comments to Mink and other trainers and staff. Comments Shaw made to Mink included that she should "be on the other team," "switch sides," and that Mink could be a "lipstick lesbian."

8. Shaw's comments made Mink feel extremely uncomfortable particularly because Shaw was her supervisor, and she was unsure how to respond to the same sex advances by her supervisor.

9. In approximately May, 2005, Passport's Human Resource Department became aware of Shaw's unacceptable and sexually charged comments and interviewed the employees Shaw supervised.

10. Mink was the first employee Passport's Human Resource Department interviewed. Following Mink's interview, Passport's Human Resource Department transferred Shaw was transferred to another position with Passport with another department.

11. Dan Garver ("Garver") replaced Shaw and assumed the responsibility of supervising Passport's trainers, including Mink.

12. Shaw told Garver when he assumed the supervisory position that it was Mink who had made the initial complaint about her to make Human Resources and that Mink was also interviewed by Passport's Human Resource Department. Shaw said the investigation led to her forced transfer.

13. In April 2007, Mink was promoted to the position of Senior National Trainer with Passport. Mink never received any formal complaints about her work performance during this time working for Passport.

14. In March 2010, Passport decided to transfer Shaw back to the position of Director, Sales Implementation, and she re-assumed the responsibility of supervising Passport's trainers, including Mink.

15. Mink immediately felt that Shaw was retaliating against her for participating in Passport's Human Resource Department investigation. Shaw also resumed her harassing comments towards Mink.

16. Shaw required Mink to spend every week away from Passport's office instead of allowing Mink to have a home week once a month like the other trainers had. Shaw also accused Mink of having an affair with a Passport client who was a woman.

17. In September 2010, Mink received her first ever negative feedback while employed by Passport. The feedback came from Shaw in the form of a Corrective Action Report for "poor time management." Shaw claimed Mink did not timely submit an expense report and did not timely complete a record, project, or report. This complaint was pretextual as other trainers were not reprimanded for their delay in providing reports.

18. Upon receipt of the Corrective Action Report, Mink was told by Shaw that she was on probation from Passport until December 2010. As part of the Corrective Action Report, Mink was required to have weekly conference calls with Shaw to discuss her status and work performance. During these weekly calls, Shaw never complained to Mink about Mink's work performance. Instead, Shaw would inform Mink that she continued to show improvement from the Corrective Action Report. These weekly calls ended in December 2010, and Mink could only assume that Passport viewed her work performance as satisfactory and that she was off probation since she did not receive any other negative criticism about her work.

19. On January 21, 2011, however, Shaw completed her retaliation against Mink as Passport terminated Mink's employment for the alleged reason of poor performance.

20. Following her termination, Mink filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 15, 2011 alleging discrimination based on sex and retaliation. A copy of said Charge is attached hereto and incorporated herein as Exhibit 1.

21. Mink received a Notice of Right to Sue from the EEOC dated February 8, 2012. A copy of the Right to Sue is attached hereto as Exhibit 2. This suit is filed within ninety (90) days of Mink's receipt of the Dismissal and Notice of Right to Sue from the EEOC.

22. As a direct and proximate result of the retaliation Mink has experienced, Mink has suffered and will continue to suffer mental anguish, lost wages, and other lost benefits.

## CAUSES OF ACTION

Mink incorporates into all following paragraphs the allegations contained above.

## COUNT ONE: RETALIATION

25. Passport illegally retaliated against Mink and terminated Mink's employment for her participation in Passport's Human Resource Department investigation of Shaw.

26. As a direct and proximate result of Passport's willful, knowing, and intentional retaliation against her, Mink is entitled to back pay, future wages, reinstatement, reinstatement of benefits, promotion, an order requiring Passport's personnel records be corrected to reflect satisfactory service by Mink, compensatory damages, pre-judgment interest, punitive damages, attorney's fees and costs.

27. The actions of Passport, as set forth herein, were willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Mink such as to justify the imposition of punitive and liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Mink requests the following:

a) Back pay, including all sums of money Mink would have earned, together with such other increases to which she would be entitled, had she not been discharged;

b) An order requiring that all of the Passport's personnel records be corrected to reflect satisfactory service by Mink;

c) Front Pay;

d) Compensatory damages in an amount determined by the trier of fact to be fair and reasonable;

e) Prejudgment interest;

f) Liquidated damages;

g) Punitive damages;

h) Award of reasonable attorney's fees and costs; and

i) Such other and further relief as this Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Ms. Mink hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Tara L. Swafford
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Lauren C. Barron BPR #27968
207 Third Avenue North
Franklin, Tennessee  37064
Telephone: (615) 599-8406
Facsimile: (615) 807-2355